UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE
www.flsb.uscourt.gov

In re:

ENCOMPASS COMPLIANCE CORP.,
a Florida corporation,

       Debtor,
_____/

KENNETH A. WELT, Trustee,

       Plaintiff,

v.

DIRECTV, LLC, and AT&T INC., d/b/a
DIRECTV

       Defendant.
_____/

Case No.   18-15342-SMG
Chapter 11

Adv. Pro. No.

## ADVERSARY COMPLAINT OF PLAINTIFF KENNETH A. WELT AS CHAPTER 7 TRUSTEE TO AVOID AND RECOVER FRAUDULENT TRANSFERS

The Plaintiff Kenneth Welt, Trustee (the "Plaintiff") sues the Defendant DIRECTV, LLC and AT&T, Inc., d/b/a DIRECTV (collectively, the "Defendant") and alleges:

1. The Plaintiff is the trustee in this Chapter 7 proceeding, which was commenced by the filing of a voluntary petition by the Debtor Encompass Compliance Corp. (the "Debtor") on May 3, 2018 (the "**Petition Date**").

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(b).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. All conditions precedent to filings this action have occurred.

6. At all material times, the Debtor owned and operated checking accounts at Wells Fargo Bank, N.A., account numbers ending 7676 and 4846 and at Bank of America, N.A., account number ending 5901.

7. The Debtor made transfers to the Defendant including, without limitation, the amounts, on the dates, and from the bank accounts as described on the attached "**Exhibit A**." The transfers that were made within the two years preceding the Petition Date are referred to as "**Two-Year Transfers**" and the transfers that were made within the four years preceding the Petition Date (including the Two-Year Transfers) are referred to as the "**Four-Year Transfers**."

8. The Four-Year Transfers were made in payment of another's debts—debts owed to the Defendant by Richard Sharp, the Debtor's former CEO or Richard Sharp's family members or associates.

9. The Debtor did not owe any debt to the Defendant.

10. The Debtor received no value in exchange for the Four-Year Transfers.

**Count 1**
[Avoidance and Recovery of Intentional Fraudulent Transfers
11 U.S.C. §548(a)(1)(A) and 11 U.S.C. § 550(a)]

11. The allegations in paragraphs 1 through 10 are realleged as if set forth in this count.

12. This is an action seeking to avoid fraudulent transfers pursuant to 11 U.S.C. § 548(a) and to recover the value of the transferred interests pursuant to 11 U.S.C. § 550(a).

13. The Two-Year Transfers were transfers of property of the Debtor.

14. The Two-Year Transfers were made to or for the benefit of the Defendant.

15. The Two-Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud the Debtor's creditors.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant avoiding the Two-Year Transfers pursuant to 11 U.S.C. § 548(a)(1)(A) and awarding the property or its value to the estate pursuant to 11 U.S.C. § 550(a).

### Count 2
[Avoidance and Recovery of Constructively Fraudulent Transfers
11 U.S.C. §548(a)(1)(B) and 11 U.S.C. § 550(a)]

16. The allegations in paragraphs 1 through 10 are realleged as if set forth in this count.

17. This is an action seeking to avoid fraudulent transfers pursuant to 11 U.S.C. § 548(a) and to recover the value of the transferred interests pursuant to 11 U.S.C. § 550(a).

18. The Two-Year Transfers were transfers of property of the Debtor.

19. The Two-Year Transfers were made for less than reasonably equivalent value.

20. At the time of each of the Two-Year Transfers, the Debtor was insolvent.

21. At the time of each of the Two-Year Transfers, the Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

22. At the time of each of the Two-Year Transfers, the Debtor as engaged in business or a transaction, or was about to engage in business or a transaction for which any property remaining with Debtor was an unreasonably small capital.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant avoiding the Two-Year Transfers pursuant to 11 U.S.C. § 548(a)(1)(B) and awarding the property or its value to the estate pursuant to 11 U.S.C. § 550(a).

### Count 3
[Avoidance and Recovery of Intentional Fraudulent Transfers
11 U.S.C. §544(b) and Fla. Stat. § 726.105(1)(a) and § 726.108]

23. The allegations in paragraphs 1 through 10 are realleged as if set forth in this count.

24. This is an action seeking to avoid fraudulent transfers pursuant to 11 U.S.C. § 544 and Fla. Stat. § 726.105(1)(a) and to recover the value of the transferred interests pursuant to 11 U.S.C. § 550(a).

25. The Four-Year Transfers were transfers of property of the Debtor.

26. The Four-Year Transfers were made to or for the benefit of the Defendant.

27. The Four-Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud the Debtor's creditors.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant avoiding the Four-Year Transfers pursuant to 11 U.S.C. § 544(b), based on Fla. Stat. § 726.105(1)(a) and § 726.108, and awarding either the property or its value to the estate pursuant to 11 U.S.C. § 550(a).

### Count 4
[Avoidance and Recovery of Constructively Fraudulent Transfers
11 U.S.C. §544(b) and Fla. Stat. § 726.105(1)(b) and § 726.108]

28. The allegations in paragraphs 1 through 10 are realleged as if set forth in this count.

29. This is an action seeking to avoid fraudulent transfers pursuant to 11 U.S.C. § 544 and Fla. Stat. § 726.105(1)(b) and to recover the value of the transferred interests pursuant to 11 U.S.C. § 550(a).

30. At the time of the Four-Year Transfers, a creditor existed who held an unsecured claim against Debtor.

31. The Four-Year Transfers were made without receiving a reasonably equivalent value in exchange.

32. Each of the Four-Year Transfers were made at a time when the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

33. Each of the Four-Year Transfers were made at a time when the Debtor intended to incur, or believed or reasonably should have believed that it would incur, Debtors beyond its ability to pay as they became due.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant avoiding the Four-Year Transfers pursuant to 11 U.S.C. §544(b), based on Fla. Stat. § 726.105(1)(b) and § 726.108, and awarding either the property or its value to the estate pursuant to 11 U.S.C. § 550(a).

Dated: May 1, 2020

**HOFFMAN, LARIN & AGNETTI, P.A.**
Counsel for the Plaintiff
909 North Miami Beach Boulevard, Suite 201
Miami, Florida 33162
Telephone:   (305) 653-5555
Facsimile:   (305) 940-0090
Email:       mshoffman@hlalaw.com

By: /s/ Michael S. Hoffman
**Michael S. Hoffman, Esq.**
Florida Bar No.: 41164